UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN DEVON BRIGGS,

        Plaintiff,         Case No. 1:13-cv-1280

v.         Honorable Paul L. Maloney

TY BLAKE et al.,

        Defendants.
_____/

## OPINION AND ORDER REJECTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO AMEND THE COMPLAINT

Plaintiff Kevin Devon Briggs, a state prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) and proceeding *pro se*, filed a complaint alleging claims for excessive force, deliberate indifference to a serious medical need, violation of his substantive due process rights, assault and battery and conspiracy. After reviewing Plaintiff's complaint the magistrate judge issued a report (R&R) recommending the complaint be dismissed because it was time-barred (docket #7). Plaintiff timely filed objections to the R&R (docket #8). In his objections, Plaintiff states, for the first time, that he participated in the prison administrative grievance process in connection with the events giving rise to his complaint. Consequently, the statute of limitations was tolled and his complaint is not time-barred. Shortly after he filed his objections to the R&R, Plaintiff filed a motion for leave to amend the complaint to add allegations regarding his participation in the grievance process.

1. **Objections**

After being served with a R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings of recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). A district judge reviews *de novo* the portions of the R&R to which objections have been filed. *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider.")

The magistrate judge issued an R&R recommending that Plaintiff's claims be dismissed because it was "obvious from the face of the complaint" that the claims were time-barred. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). In his objections to the R&R, Plaintiff states, for the first time, that from July 27, 2010, through December 8, 2010, he participated in the prison administrative grievance process regarding the events raised in his complaint. Plaintiff rightly asserts that the statute of limitations was tolled during the time in which Plaintiff was exhausting the grievance process. *See Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000) (holding that the statute of limitations is tolled for the period during which a plaintiff's available state remedies were being exhausted). Based on this new information, it appears that Plaintiff's complaint is timely.

Accordingly, the report and recommendation is REJECTED and Plaintiff's complaint will be served.

## 2. **Motion to Amend**

Plaintiff moves to amend his complaint to add allegations regarding his participation in the prison administrative grievance process.

Federal Rule of Civil Procedure 15 provides that a party may amend its pleadings by leave of court and that "leave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court identified some circumstances in which "justice" might counsel against granting leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id* at 182. The Court noted that the grant or denial of the opportunity to amend was discretionary with the district court and that the district court should provide a justifying reason for its decision. *Id.*

Plaintiff has attached to his motion one hand-written page of text which modifies two paragraphs from his original complaint to add information about the exhaustion of the administrative grievance process. These allegations are essential to establishing the timeliness of Plaintiff's complaint. Accordingly, Plaintiff's motion for leave to amend is GRANTED. It appears that Plaintiff wishes to have the page of text attached to his motion replace the same page from his original complaint. The Court will consider page six of Plaintiff's complaint to be amended as reflected in the attachment to Plaintiff's motion to amend.

**ORDER**

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's objection (docket #8) to the report and recommendation (docket #7) is GRANTED.

IT IS FURTHER ORDERED that the report and recommendation (docket #7) is REJECTED.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to amend the complaint (docket #9) is GRANTED.

Dated:   April 4, 2014                    /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          Chief United States District Judge