UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| KEVIN DEVON BRIGGS, #447282, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-1280 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| TAI BLAKE, R.N., et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.  Plaintiff is currently an inmate at the Chippewa Correctional Facility (URF).  His complaint arises out of conditions of his confinement on July 5, 2010, at the Earnest C. Brooks Correctional Facility (LRF). The defendants are Tai Blake, R.N., Teri Helton, R.N., Holly Smyth, R.N., Lieutenant James Plichta, Sergeant Christopher Wilks, and Corrections Officer David Kennedy.

Plaintiff alleges that on July 5, 2010, Nurse Blake had him moved to a segregation cell at LRF for medical observation.  (Compl. ¶ 11).  Plaintiff carefully avoids pleading any facts regarding events earlier that day which necessitated placing him in segregation under medical observation.[1] Plaintiff alleges that he was "asleep" on his stomach, lying face down when defendants Wilks and Kennedy entered his segregation cell.  (*Id.* at ¶¶ 12, 13).  Plaintiff alleges that defendant Wilks placed his weight on the protective shield interposed between them.  (*Id.* ¶ 14).  He alleges that Kennedy was present inside the cell.  (*Id.* ¶ 12).  Plaintiff alleges that defendants Blake and Plichta

---

[1] Plaintiff had injected himself with a whole vial of insulin and was placed on direct observation in segregation to be monitored.  (docket # 20-3, Page ID 106).

failed to intervene.  (*Id.* at ¶¶ 19, 20).  Nurses Helton and Smyth informed plaintiff that he was "not hurt."  (*Id.* at ¶ 24).  Helton prescribed ice for plaintiff's back.  (*Id.* at ¶ 25).  Plaintiff alleges that he suffered a shoulder and back injury, a loss of feeling "in his right forefinger and thumb," and emotional and mental distress.  (*Id.* at ¶¶ 39, 40).  Plaintiff sues all defendants in their individual capacities and seeks damages and injunctive relief.  (*Id.*).

The matter is before the Court on defendants' motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a).  (docket # 19).  Plaintiff has filed his response.  (docket #22).   For the reasons set forth herein, I recommend that plaintiff's claims for injunctive relief be dismissed as moot.  I recommend that plaintiff's conspiracy claims be dismissed for failure to state a claim upon which relief can be granted.   I recommend that defendants' motion for summary judgment be granted in part and denied in part.  The motion should be granted as to the  the nurse defendants, Blake, Helton, and Smyth, and all plaintiff's claims against these defendants should be dismissed.  The motion should be denied as to the custody staff defendants: Lieutenant Plichta, Sergeant Wilks, and Corrections Officer Kennedy.[2]

## Applicable Standards

### A.    Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a

---

[2]The inclusion of Plichta, Wilks, and Kennedy as moving defendants (docket # 19 at 1, Page ID 66) appears to have been an oversight.  The request for summary judgment found in defendants' brief is limited to the nurse defendants.  (*see* Defendants' Brief at 7-8, docket # 20, Page ID 77-78).

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"  *Dominguez v. Correctional Med. Servs.*, 555  F.3d 543, 549 (6th Cir.

2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## B.    Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v.*

*Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when

-5-

a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court.  548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).  The procedural bar does not apply where the State declines to enforce its own procedural rules.  *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3]  In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies.  *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the Step I grievance.  The following is an overview of the grievance process. Inmates must first attempt to resolve a problem within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control.  *Id.* at ¶ P.  If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted resolution.  *Id.*  The Policy Directive also provides the following directions for completing Step I grievance forms:  "The issues should be stated briefly but concisely.  Information provided is to be limited to the *facts* involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places, and names of all those involved in the issue being grieved are to be included."

---

[3]A copy of the policy directive is found in the record.  *See* docket # 20-2, Page ID 81-87.

*Id.* at ¶ R (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Ketzner v. Williams*, No. 4:06-cv-73, 2008 WL 4534020, at * 16 (W.D. Mich. Sept. 30, 2008) (collecting cases); *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. P.D. 03.02.130 at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. The respondent at Step II is designated by the policy. The Step II respondent is generally the warden or the warden's designee.[4] *Id.* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The

---

[4] Grievances appeals regarding health care follow a slightly different path. The Step II respondent for grievances regarding health care issues is the Regional Health Administrator or the Administrator's designee. *Id .* at ¶ DD. If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶ FF. The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. The Grievance and Appeals Section forwards grievances regarding health care issues to the Administrator of the Bureau of Health Care Services (BHCS). The BHCS Administrator is required to ensure that the grievance is investigated and a response provided to the Grievance and Appeals Section in a timely manner. *Id.*

Grievance and Appeals Section is the Step III respondent. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ S. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process. The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. He is currently an inmate at the Chippewa Correctional Facility (URF). Plaintiff pursued two grievances through a Step III decision. (docket # 20-3, Page ID 89-101).

1.     Grievance No. LRF-2010-08-1228-17i

On August 4, 2010, the Earnest C. Brooks Correctional Facility's (LRF's) grievance coordinator received a grievance from plaintiff and assigned it Grievance No. LRF-2010-08-1228-17i.  (docket # 20-3, Page ID 105).  In this grievance, plaintiff claimed that he had been assaulted on July 5, 2010, by defendants Plichta, Wilks, and Kennedy:

> I was assaulted at L.R.F. segregation cell #9 by c/o Kennedy, Sgt. Wilks and Lt. Plichta while I was asleep.  Then I was hurt by these staff members climbing on my back and twisting my wrists and arms never securing the cuffs, but then leaving the cell area after their assaults along with other correctional officers whose names I did not get.  But I did get assaulted & the incident was video taped by the staff.  Therefore I request the video be kept for prosecution purposes.

(*Id.*).  This grievance contains no complaints about medical care.  There are no allegations regarding actions taken by the nurse defendants.  (*Id.*).

The Step I response denied on the ground that there had not been a use of excessive force by custodial staff.  Further, the Step I response provided important background information that plaintiff had omitted regarding why he had been placed in an observation cell and why it had been necessary for custody officers to enter the cell when plaintiff was non-responsive:

> Health Services RN Ty Blake reported that prisoner Briggs #447282 injected himself with a whole vial of insulin on the morning of July 5, 2010 at 0638 hours.  He was placed on direct observation in segregation to be monitored.  Dr. Abdellatif notified and Health Services attempted to have his blood sugar checked every hour.  Health Services also completed a Mental Health Services Referral on prisoner Briggs.  Shift Commander Lt. Plichta notified of prisoner Briggs not responding to nurses or custody staff in segregation at 0845 hours.  Lt. Plichta arranged for extra in segregation, then opened cell # 9 to ensure prisoner Briggs was OK!  Staff utilized a protective shield and placed this on his back.  Prisoner Briggs tried to sit up and Health Services Staff deemed prisoner Briggs responsive, so custody staff removed the restraints, then exited the cell.
>
> At 0955 hours, prisoner Briggs complained of tightness in his back.  He blamed this tightness on the custody staff and their handling of him.  Health Services RN Smyth examined prisoner Briggs and found no problems.

Approximately two hours after the incident involving Briggs in segregation, both Lt. Plichta and Sgt. Wilks were called over to segregation so that prisoner Briggs could apologize for his behavior.  Grievance Denied!

(docket # 20-3 at Page ID 106).

Plaintiff pursued an appeal to Step II.  (docket # 20-3 at Page ID 103).  He did not claim any deficiency in his medical care.  He did complain that he had not been allowed to review the video of the incident.  (*Id.*).  The Step II response reiterated that plaintiff had been placed in the segregation observation cell after he had injected himself with an entire vial of insulin.  Custody staff had entered the cell to ascertain the prisoner's condition in the way they had been trained to do it.  Plaintiff's grievance was consistent with his history of making serious false accusations against staff.  "It is not a violation of policy for staff to assure that prisoners are alive and in an appropriate medical condition while at the same time protecting prisoners from themselves and keeping the safety, security, and the integrity of the Segregation unit intact as well.  The employees did nothing wrong." (*Id.* at Page ID 104).

Plaintiff appealed the denial of his grievance to the MDOC's Grievance and Appeals Section. (docket # 20-3, Page ID 103).  On December 8, 2010, the Grievance and Appeals Section issued a Step III decision affirming the Step II decision.  (*Id.* at Page ID 102).

2.      Grievance No. LRF-10-07-1051-17i

This is a grievance related to an incident that allegedly occurred on June 26, 2010.  (docket # 20-3, Page ID 107-11).  It is unrelated to any claim at issue in this case.

On November 25, 2013, plaintiff filed this lawsuit.  On April 4, 2014, the Court granted plaintiff leave to amend his complaint to include "one hand-written page of text which modifie[d]

-10-

two paragraphs of his original complaint to add information about exhaustion of the administrative grievance process."  (4/4/14 Order, docket # 10 at Page ID 54; *see also* docket # 9-1, Page ID 51).

<u>Discussion</u>

### I.    Mootness

Plaintiff is now an inmate at URF.  Defendants are employed at LRF.  Plaintiff's claims for injunctive relief against defendants are moot.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### II.    Dismissal for failure to State a Claim

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)); *see Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor.  *See Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012).  The Court need not accept as true legal conclusions or unwarranted factual inferences.  *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012).  *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  A complaint that fails to allege " 'enough facts

-11-

to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if [ ]he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

Plaintiff's allegations that defendants "conspired" against him (Compl. ¶¶ 59-61) are utterly conclusory. He fails to allege facts supporting a conspiracy claim against any defendant. *See Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987). I recommend that all plaintiff's conspiracy claims be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(ii), 1915A(b)(1).

## III.   Exhaustion

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff filed Grievance No. LRF-2010-08-1228-17i a month after the July 5, 2010, incident. This grievance against defendants Kennedy, Wilks and Plichta alleges that they assaulted him "while he was sleeping" on July 5, 2010. The grievance could have been rejected as

untimely, but it was not.  Thus, defendants Plichta, Kennedy, and Wilks are not entitled to dismissal of plaintiff's claims  on the basis of the affirmative defense provided by 42 U.S.C. § 1997e(a).  *See Reed-Bey v. Palmer*, 603 F.3d 322, 324-25.  This grievance did not exhaust plaintiff's claims against any other defendant.  I find that defendants Blake, Helton, and Smyth have carried their burden on the affirmative defense and are entitled to dismissal of all of plaintiff's claims.

## Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's claims for injunctive relief be dismissed as moot.  I recommend that plaintiff's conspiracy claims against all defendants be dismissed for failure to state a claim upon which relief can be granted.  I recommend that defendants' motion for summary judgment (docket # 19) be granted in part and denied in part.  I recommend that the  motion be granted as to the nurse defendants, Blake, Helton, and Smyth, and all plaintiff's claims against these three defendants be dismissed.  I recommend that the motion be denied as to the custody staff defendants:  Lieutenant Plichta, Sergeant Wilks, and Corrections Officer Kennedy.


Dated:  August 26, 2015                        /s/  Phillip J. Green
                                               United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).