UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| KEVIN DEVON BRIGGS, #447282, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-1280 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| JAMES PLICHTA, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Alger Correctional Facility. His complaint arises out of conditions of his confinement on July 5, 2010, at the Earnest C. Brooks Correctional Facility. The defendants are three Michigan Department of Corrections (MDOC) employees at the Brooks Facility: Lieutenant James Plichta, Sergeant Christopher Wilks, and Corrections Officer David Kennedy.

Plaintiff alleges that defendants used excessive force against him and were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. He also claims a violation of substantive due process rights. He asks that the Court, in its discretion, exercise supplemental jurisdiction over his purported state law claims against defendants for assault and battery. Plaintiff seeks an award of damages against defendants in their individual capacities. In addition, his complaint includes a request "an injunction for medical treatment and examination for his injuries from a medical

doctor not employed by the Michigan Department of Corrections[.]" (Compl., ECF No. 1, PageID.13).

## I. Mootness

Plaintiff is an inmate at the Alger Correctional Facility. Defendants are employed at the Earnest C. Brooks Correctional Facility. Defendants no longer have any authority over the conditions of plaintiff's confinement. Plaintiff's claims for injunctive relief against defendants are moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

## II. Plaintiff's Motion for a TRO

On June 13, 2016, plaintiff filed a motion captioned as a "Motion for a Temporary Restraining Order." (ECF No. 73). Plaintiff asks that the Court enter an order directing that he be "medically diagnosed by a medical provider not under contract with the MDOC," ostensibly to "provide all parties involved with a true and accurate account of Mr. Briggs' injuries sustained on July 5, 2010." (*Id.* at PageID.322).

The four factors the Court is to consider on a motion for TRO or preliminary injunction are well-established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Plaintiff must hire and pay his own medical experts. He "is not entitled to have his civil lawsuits subsidized by others. Like all other civil litigants, plaintiff must pay his own litigation expenses." *Annabel v. Armstrong*, No. 1:09-cv-796, 2010 WL 2376159, at *

1 (W.D. Mich. May 11, 2010). Further, as noted above, plaintiff's claims for injunctive relief against defendants are moot.

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims. Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons. I recommend that plaintiff's motion for a TRO be denied.

### III.  Substantive Due Process

"The Supreme Court has cautioned courts to carefully scrutinize so-called substantive due process claims brought under § 1983 'because guideposts for responsible decisionmaking are scarce and open-ended.'" *Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 452 (6th Cir. 2002) (quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992)). "[W]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see Banks v. City of Whitehall*, 344 F.3d 550, 554 (6th Cir. 2003). Here, the Eighth Amendment provides plaintiff's explicit constitutional protection against Cruel and Unusual Punishment. Plaintiff cannot proceed against defendants under the more generalized notion of

substantive due process. *See Briggs v. Burke*, No. 15-2282, slip op. at 6 (6th Cir. July 29, 2016) ("The district court properly dismissed this [substantive due process] claim because the Eighth Amendment furnishes the 'explicit textual source' for analyzing Briggs's constitutional claim alleging cruel and unusual punishment, rather than more generalized notions of substantive due process."); *see also Flakes v. Brown*, No. 1:16-cv-418, 2016 WL 3536671, at * 6 (W.D. Mich. June 29, 2016). I recommend that plaintiff's substantive due process claims against defendants be dismissed for failure to state a claim upon which relief can be granted.[1]

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's motion for a TRO (ECF No. 73) be denied. I recommend that his substantive due process claims be dismissed for failure to state a claim. I recommend that plaintiff's claims for injunctive relief against defendants be dismissed because they are moot.


Dated:  August 5, 2016                         /s/  Phillip J. Green
                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v.*

---

[1] This recommendation for dismissal is made pursuant to statutory authority. *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1).

*Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).